*Botts, for appellees.*

---

GEORGE CLINTON *v.* MATES BENEVOLENT ASSOCIATION.

**Process—Summons—Variance—Must be Taken Advantage of by Motion—Waiver.**

The note sued on was made payable to the Cincinnati Mates Benevolent Association. The warrant was taken out in the name of the Mates Benevolent Association of Cincinnati. This variance, if fatal, should have been taken advantage of by motion to quash the writ.

APPEAL FROM CAMPBELL CIRCUIT COURT.

September 15, 1871.

OPINION BY JUDGE LINDSAY:

The act to increase the jurisdiction of the mayor of the city of Newport, approved March 10, 1856, provides "that the same powers and jurisdiction now in force under the *Revised Statutes, Chapter 27, Article 16 and 17*, defining the jurisdiction of quar-

terly courts, and the powers of the presiding judge of county courts be, and the same are hereby conferred upon the mayor of the city of Newport." At the time this act was passed that portion of *Section* 16, *Chapter 27, Revised Statutes,* conferring civil jurisdiction upon quarterly courts had been repealed by the adoption of the civil code of practice, and if the act be literally interpreted it conferred no jurisdiction whatever in civil cases upon the mayor of Newport.

Such an interpretation would have the effect of rendering it inoperative in this regard, and is, therefore, inadmissible.

We conclude that it was the intention of the legislature to give to the mayor of said city jurisdiction similar to that given to quarterly courts by the revised statutes.

The note sued on was made payable to the "Cincinnati Mates' Benevolent Association." The warrant was taken out in the name of the "Mates' Benevolent Association of Cincinnati." This variance, if fatal, should have been taken advantage of by motion to quash the writ. The warrant was merely the summons, the execution of which brought the appellant before the court. He could, and did, waive objection to the informality complained of. The plea that there is no such corporation as the "Mates Benevolent of Cincinnati" was not good. The plea was to the warrant of summons, and not to the note which constituted the pleadings of the appellee. It is not charged that there are two associations. The one bearing the title set out in the note. The plea was an attempt to make the case turn upon the clerical mistake of the mayor, and did not go to the merits of the controversy. The witness Carmony was not inconsistent. He had no direct or certain interest in the result of the litigation, and was no party to the action. Such interest as he may have had went to his credibility and not his competency.

The court properly refused to instruct the jury to find for the defendant, and as the instruction given for the appellee was not objected to, we can not here review it.

Judgment affirmed.

*Fearons, Hawkins, Webster, for appellant.*